UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBIN ROWE BORST-DOOKIE,

     Plaintiff,

v.                             Case No.:  2:26-cv-1865-SPC-KRH

FATMIR ALIJA,

     Defendant.

_____

### **ORDER**

Before the Court is pro se Plaintiff Robin Rowe Borst-Dookie's complaint. (Doc. 1).  As outlined below, the Court dismisses without prejudice Plaintiff's complaint for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).  Plaintiff seeks to bring this action based on the Court's federal-question jurisdiction under 28 U.S.C. § 1331.  (Doc. 1 at 3).  However, Plaintiff does not bring a federal claim.  Rather, the crux of his case is that he paid Defendant to replace his roof, but Defendant has not done so.  (Doc. 1). This appears to be a state-law breach of contract claim.

Even if Plaintiff intended to bring this action under the Court's diversity jurisdiction, 28 U.S.C. § 1332(a), he is unable to do so. "In a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse." *Kunce v. SPM of Alabama, LLC*, No. 6:25-CV-533-PGB-RMN, 2025 WL 974674, at *1 (M.D. Fla. Apr. 1, 2025). Plaintiff alleges both he and Defendant are Florida citizens. (Doc. 1 at 1–3). What's more, he alleges the amount in controversy is $10,600. (*Id.* at 4). Given the parties are not diverse and the amount in controversy is not satisfied, the Court does not have diversity jurisdiction either.

Because the Court lacks subject-matter jurisdiction over this action, the Court dismisses Plaintiff's complaint without prejudice. And given the allegations, amendment would be futile. *See Jackson v. Marshall*, No. 2:25-CV-179-WKW, 2025 WL 875359, at *2 (M.D. Ala. Mar. 20, 2025) (dismissing complaint without leave to amend because "[a]ny amendment would be futile because subject matter jurisdiction is lacking, and there are no allegations Plaintiff could assert that would cure that deficiency").

Accordingly, it is now

**ORDERED:**

Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**DONE** and **ORDERED** in Fort Myers, Florida on June 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3